UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE DOUGLAS METZ, II and
SHAWN MICHAEL BERRY

 Plaintiffs,

v.               Case No.

SHERIFF CHAD CHRONISTER, IN HIS OFFICIAL
CAPACITY, AS SHERIFF OF HILLSBOROUGH
COUNTY, FLORIDA, DEPUTY DEMETRIOS
ANTONIADIS AND TAMPA PORT AUTHORITY,
the governing body and port authority of Hillsborough
County Port District d/b/a PORT TAMPA BAY

 Defendants.
_____/

## COMPLAINT-JURY TRIAL DEMANDED

The Plaintiffs, GEORGE DOUGLAS METZ, II ("Metz"), and SHAWN MICHAEL BERRY ("Berry") sue the Defendants, SHERIFF CHAD CHRONISTER("Chronister") IN HIS OFFICIAL CAPACITY, AS SHERIFF OF HILLSBOROUGH COUNTY, FLORIDA, DEPUTY DEMETRIOS ANTONIADIS ("Antoniadis"), and TAMPA PORT AUTHORITY, the governing body and port authority of Hillsborough County Port District d/b/a PORT TAMPA BAY ("Port Tampa Bay") allege as follows:

This is an action for damages brought pursuant to the United States Constitution and, 42 U.S.C. § 1983, resulting from deprivations, under color of law, of the Plaintiffs' rights secured by the First, Fourth and Fourteenth Amendment to the United States Constitution, as well as for assault, battery and negligence under Florida law.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these claims pursuant to Article III, Section 1, of the Constitution and 28 U.S.C. §§ 1731, 1332 and 1343. The Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to decide the asserted statutory and common law tort claims. The amount in controversy exceeds $30,000.00, excluding interest and costs.

2. Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B), as all the conduct complained of herein took place within the geographical jurisdiction of this Court.

**Parties**

3. The Plaintiff, George Douglas Metz, II, is a citizen of the United States and a resident of Belleview, Marion County, Florida.

4. The Plaintiff, Shawn Michael Berry, is a citizen of the United States and a resident of Belleview, Marion County, Florida.

5. The Defendant, Sheriff Chad Chronister, is the duly elected sheriff of Hillsborough County, Florida, and is a constitutional officer of the State of Florida. Chronister is charged with the responsibility of enforcing the Florida Constitution, as well as the laws of the State of Florida. Chronister derives his legal authority from the Constitution of the State of Florida and is vested with the authority to appoint and direct deputies who act in his name and office to enforce the appropriate and applicable laws of the State of Florida.

6. Defendant, Deputy Demetrios Antoniadis, at all times relevant to the actions complained of herein, was employed as a deputy sheriff by Defendant Chronister. In his capacity as a deputy for the Hillsborough County Sheriff's Office, Defendant Antoniadis had a legal obligation to act

in conformity with the United States and Florida Constitutions and other applicable federal and state laws. Defendant Antoniadis is sued in his individual capacity and at all times relevant to this Complaint was acting within the course and scope of his employment with the Hillsborough County Sheriff's Office. At all times relevant to this Complaint, he was acting under color of the laws of the State of Florida.

7. Defendant, Port Tampa Bay was legislatively created to be one of Florida's fifteen (15) public seaports.

### Facts

8. At all times relevant to the events complained of herein, Metz was self-employed as an event coordinator and as a You Tube channel operator. At all times relevant to the events complained of herein, Berry, a disabled veteran of the United States Armed Forces, was self-employed as a You Tube channel operator and civic activist.

9. On November 4, 2019, Metz and Berry arrived at Port Tampa Bay, Terminal 3 located in Hillsborough County at 815 Channelside Drive, Tampa, Florida 33602. Upon arrival at Terminal 3 of Port Tampa Bay, they took an escalator to the second floor to the arrival/departure area. At the top of the escalator, to their immediate left, was a secure area, as evidenced by a cue line with ropes and security personnel controlling entry. They did not attempt to enter that area. Instead, they stood in an open area to the immediate right of the security area and began to take video. There were no signs designating the area in which they were standing as a "Secure Area". On the first floor, by the baggage area, there were two large red-letter signs that read, "Secure Area". No such signage was visible upstairs in the area occupied by Metz and Berry.

10.     At least four other non-ticketed people were standing within feet of Metz and Berry.  The other non-ticketed people were, at no time, ever asked to leave the area or to produce identification.

11.     Metz and Berry were approached by a representative of Carnival Cruise Lines and told that they cannot take pictures or videotape on the premises.  They advised the representative that they had a right to continue the activity.

12.     Metz and Berry were next approached by a representative of Port Tampa Bay and told that they were not allowed to take photographs or video without a permit; and, that they were not allowed to remain on the premises. They advised the representative that they were within their rights to both be on the premises; and, to take video. The representative summoned assistance from Defendant Antoniadis.

13.     Metz and Berry were next approached by Defendant Antoniadis, and told that they were not allowed to remain in the area without a ticket.  He advised them that if they failed to leave the premises, they would be arrested and charged with trespassing.  Metz and Berry refused to discontinue taking photographs and video; and, remained in the area. Consequently, they were forcibly restrained, handcuffed, and placed under arrest.

14.     They were then removed from the area and booked into the Hillsborough County Jail and charged with trespassing.  Their arrests were carried out during daylight hours and in a public place, causing Metz and Berry to suffer shame and humiliation. At the jail, Metz and Berry were stripped of their clothing and possessions, denied the use of their telephones, and confined against their will for approximately ten (10) hours.

15.     At no time did Metz or Berry violate any local, state, or Federal statute, code or ordinance prior to their arrest and removal from the Port Tampa Bay Terminal 3. Their conduct

falls squarely within Metz' and Berry's rights secured by the First Amendment to the United States Constitution.

16. Port Tampa Bay and it's Terminal 3 are publicly owned property. Port Tampa Bay was legislatively created to be one of Florida's 15 public seaports.

17. Carnival Cruise Lines had, at all times relevant, an operational agreement with the Port Tampa Bay, giving it the right to use the facilities of the Port Tampa Bay. The operational agreement did not give Carnival Cruise Lines the exclusive use of the facilities; nor did it give Carnival control of the publicly accessible areas. At no time relevant to the events referenced herein did a lease exist between Port Tampa Bay and Carnival Cruise Lines.

18. While videotaping the activities in and around Terminal 3, Metz and Berry were not acting suspiciously or furtively. They were not armed with any weapons and were carrying nothing other than video cameras. While videotaping the activities in and around Terminal 3, Metz and Berry were not threatening anyone, either by word or action, nor were they interfering with pedestrian traffic or with any of the activities then occurring at the Terminal 3.

19. The criminal charges brought against Metz and Berry were subsequently dismissed by the State Attorney for the 13th Judicial Circuit. Metz's and Berry's wrongful arrests were carried out during daylight hours and in a public place causing Metz and Berry to suffer humiliation and shame.

## CAUSES OF ACTION

### Count I

First Amendment (42 U.S.C. Sec. 1983)
(First Amendment Right to Be Free From Retaliation for Expressive Conduct)
Plaintiff v. All Defendants

Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

20. Observing and recording public employees and publicly owned places, without interfering with the duties of those employees or the operations of such entities, is a legitimate means of gathering information for public dissemination and is therefore expressive conduct protected by the First Amendment to the Constitution of the United States of America.

21. The detention, search, and seizure of the Plaintiffs and their personal property constituted unlawful retaliation by Defendants for Plaintiffs' engaging in activity protected by the First Amendment to the Constitution of the United States of America.

22. The detention, search, and seizure of the Plaintiffs and their personal property also constituted unlawful retaliation by Defendants for Plaintiffs' questioning them and their lawful authority, which is activity protected by the First Amendment to the Constitution of the United States of America.

23. Additionally, Defendants acted with wanton, callous and reckless disregard of Plaintiffs' First Amendment rights in detaining, searching Plaintiffs, and seizing Plaintiffs' property in retaliation for the exercise of these constitutionally protected rights.

## Count II

Fourth Amendment (42 U.S.C. Sec. 1983)
(False Arrest-Seizure)
Plaintiffs v. All Defendants

Plaintiffs incorporate by reference the allegations in the paragraphs above as if thoroughly set forth herein.

24. The actions of the Defendants in detaining, searching, and seizing the Plaintiffs and their property without probable cause violated the Plaintiffs' clearly established right to be free from a false arrest/seizure under the Fourth Amendment to the Constitution of the United States of America.

## Count III

Monell Claim – Failure to Train
Plaintiffs v. Chad Chronister, as Sheriff of Hillsborough County

Plaintiff incorporates by reference the allegations in the paragraphs above as if thoroughly set forth herein.

25. Defendant, Chronister, as Sheriff of Hillsborough County, was deliberately indifferent when he failed to properly train or instruct Defendant Antoniadis that Plaintiffs have a First Amendment right to stand on public property and record public officials discharging their duties, and everything their eyes could see from that publicly accessible place.

26. Without Chronister's, deliberate indifference in failing to have a proper policy and to properly train Defendant Antoniadis, Plaintiffs would not have suffered the retaliatory detention, search and seizure by Defendant Antoniadis of the Hillsborough County Sheriff's Office and the consequences of such actions.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs; and

d. Such other and further relief as may appear just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all claims stated in this Complaint.

DATED this 22nd of February, 2021.

                          Respectfully submitted,

                          */s/ Vincent R. Pawlowski*
                          VINCENT R. PAWLOWSKI, ESQ.
                          Florida Bar #: 0747718
                          Vince@Megajustice.com

                          */s/ Kimberly A. Burchins*
                          KIMBERLY A. BURCHINS, ESQ.
                          Florida Bar #: 1015243
                          Kim@Megajustice.com

                          The Pawlowski Mastrilli Law Group
                          1718 East 7th Avenue, Suite 201
                          Tampa, Florida 33605
                          (813) 242-4404
                          E-mail for service: Litigation@megajustice.com
                          ATTORNEYS FOR PLAINTIFFS GEORGE
                          DOUGLAS METZ, II and SHAWN M. BERRY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2021, I electronically filed this document with the Clerk of the Court by using the CM/ECF System, which will forward electronic copies to all defendants listed above.

    /s/  Vincent R. Pawlowski
VINCENT R. PAWLOWSKI, ESQUIRE
litigation@megajustice.com
Florida Bar # 0747718
The Pawlowski Mastrilli Law Group
1718 E. 7th Ave., Suite 201
Tampa, FL 33605
(813) 242-4404
ATTORNEY FOR PLAINTIFFS
GEORGE DOUGLAS METZ, II and
SHAWN M. BERRY