IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

GEORGE DOUGLAS METZ, II and
SHAWN MICHAEL BERRY
    Plaintiffs,

CASE NO.: 8:21-CV-414

v.

SHERIFF CHAD CHRONISTER, IN HIS OFFICIAL
CAPACITY, AS SHERIFF OF HILLSBOROUGH
COUNTY, FLORIDA, DEPUTY DEMETRIOS
ANTONIADIS, AND TAMPA PORT AUTHORITY,
the governing body and port authority of Hillsborough
County Port District d/b/a PORT TAMPA BAY,
    Defendants.
_____/

**DEFENDANT CHAD CHRONISTER, IN HIS OFFICIAL
CAPACITY, AS SHERIFF OF HILLSBOROUGH COUNTY, FLORIDA
DISPOSITIVE MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant Chad Chronister, Sheriff for Hillsborough County, by and through undersigned counsel, and files this *Dispositive Motion to Dismiss and Incorporated Memorandum of Law*, as follows:

On February 23, 2021, Plaintiffs George Douglas Metz, II[1] and Shawn Michael Berry ("Plaintiffs"), filed their *Complaint* (Doc. 1), which includes claims against Defendants Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida ("Sheriff"), and

---

[1] As argued in a similar case brought by Metz, "Metz is an internet troll and prolific litigant who posts his videos, including this one, to YouTube under the handle 'rogue nation' where he includes links to various crowd-funding sites 'to keep me on the road (and file lawsuits).'  rogue nation, *1A Audit, Tyrants Found, Rights Violated, Lawsuit Time* (Jan. 30. 2019), https://youtu.be/2PimhH1xIfx (last checked Aug. 10, 2020)... *See Metz v. Matos,* No. 2:19-CV-424-FtM-38MRM (dismissed for failure to prosecute); *Metz v. Mina*, No. 6:19-CV-2372-CEM-EJK (motion[s] to dismiss pending); *Metz v. Sterling*, No. 2:20-CV-00070-SPC-NPM (dismissed *sua sponte* for failure to effect timely service)."  *Metz v. Levy,* 8:19-CV-2818-JSM-AEP, Doc. 19, Fn 1.  See also, *Metz v. Levy,* 8:19-CV-2818-JSM-AEP (dismissed for failure to state a claim); *Metz v. Sterling,* No. 2:20-CV-709-SPC-NPM (dismissed as shotgun pleading).

Deputy Demetrios Antoniadis in his individual capacity ("Deputy Antoniadis").

Plaintiff's *Complaint* purportedly seeks damages related to events of November 4, 2019, at Port Tampa Bay, Terminal 3, located in Hillsborough County at 815 Channelside Drive, Tampa, Florida 33602. ("Terminal 3").

Plaintiffs allege that on November 4, 2019, they were self-employed "You Tube" channel operators.[2] (Doc. 1, ¶ 8). On that date, Plaintiffs went to Port Tampa Bay, Terminal 3, and took an escalator to the second floor arrival/departure area. (Doc. 1, ¶ 9). They then stood in an open area of the arrival/departure area of Terminal 3 to take video recordings. (Doc. 1, ¶ 9). To the immediate left of Plaintiffs "was a secure area, as evidenced by a cue line with ropes and security personnel controlling entry." (Doc. 1, ¶ 9).

Plaintiffs were then approached by a representative of Carnival Cruise and told they could not take photographs or video recordings on the premises. (Doc. 1, ¶ 11). Plaintiffs refused to stop taking video recordings. (Doc. 1, ¶ 11).

Plaintiffs were then approached by a representative of Port Tampa Bay and told they were not allowed to take photographs or video recordings without a permit and that they were not allowed to remain on the premises. (Doc. 1, ¶ 12). Plaintiffs refused to stop taking video recordings and refused to leave the second floor area of Terminal 3. (Doc. 1, ¶ 12).

Plaintiffs were then approached by Deputy Antoniadis and told they were not allowed to

---

[2] All of the events of November 4, 2019, were recorded by Plaintiffs and subsequently published on the Internet. Plaintiffs' November 4, 2019, YouTube recordings would be appropriately reviewed by this Court with this *Motion to Dismiss* without converting this motion to dismiss to a motion for summary judgment, pursuant to *Quinette v. Reed,* 805 F. App'x 696, 703 (11th Cir. 2020), *Duffy v. Fox News,* No. 6:14-CV-1545, 2015 WL 2449576, at *3 (M.D. Fla. May 21, 2015), and *Scott v. Harris,* 550 U.S. 372 (2007). *See also Makro v. UBS,* 372 F.Supp.2d 623, 627 (S.D. Fla.2005); *Bryant v. Avado Brands,* 187 F.3d 1271, 1279-80 (11th Cir.1999); *Young v. Augusta,* 59 F.3d 1160, 1166 n. 11 (11th Cir.1995).

remain in the second floor area of Terminal 3 without a ticket. (Doc. 1, ¶ 13). Plaintiffs did not have tickets. After lengthy discussion, Deputy Antoniadis advised the Plaintiffs that if they failed to leave the second floor area of Terminal 3 they would be arrested for trespassing. (Doc. 1, ¶ 13). The Port Tampa Bay representative then returned and notified Plaintiffs that they were trespassing.

Plaintiffs refused to leave the area and refused to discontinue taking photographs and video. (Doc. 1, ¶ 13). As a result, at approximately 1:15 pm, Plaintiffs were arrested for trespassing and transported to the Hillsborough County Sheriff's Office ("HCSO") jail. (Doc. 1, ¶ 13-14).[3] Later on that same day, Plaintiff Metz was released on bond from the HCSO jail at approximately 8:10 pm and Plaintiff Berry was released on bond at approximately 8:21 pm.

The State Attorney for the Thirteenth Judicial Circuit subsequently charged both Plaintiffs with Trespass in violation of Florida Statute § 810.08(2)(b).[4] Approximately four months later, the State Attorney filed a *Notice of Nolle Prosequi* for each Plaintiff, dismissing the charges. (Doc. 1, ¶ 19).

Based on these allegations, Plaintiffs claim in Count One that the Defendants violated their First Amendment rights pursuant to 42 U.S.C. § 1983, because Plaintiffs' actions on November 4, 2019, purportedly constituted expressive conduct protected by the First Amendment.

Plaintiffs claim in Count Two that the Defendants violated their Fourth Amendment rights pursuant to 42 U.S.C. § 1983, because the actions of the Defendants in detaining, searching, and seizing Plaintiffs, allegedly without probable cause, violated Plaintiffs' rights to be free from false

---

[3] All of the above-described events were recorded by Plaintiffs and said recordings are intended to be submitted pursuant to a separate motion, as discussed in Footnote One.

[4] Thirteenth Judicial Circuit Cases, *State of Florida v. Metz*, 19-CM-12176, and *State of Florida v. Berry*, 19-CM-12170.

arrest and/or seizure.

Count Three claims that the Sheriff was deliberately indifferent and failed to have proper training and/or policies in place to avoid the constitutional violations claimed by Plaintiffs.

However, Plaintiffs' *Complaint* fails to sufficiently allege civil rights claims or a claim for deliberate indifference / failure to train against the Sheriff and therefore it should be dismissed by this Court.

## MOTION TO DISMISS STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2); *Daleo v. Polk County Sheriff*, 2012 WL 1805501 (M.D. Fla. 2012). Failure to do so may result in dismissal pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). In reviewing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007).

However, a complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In addition, legal conclusions made without adequate factual support are entitled to no assumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). To survive dismissal, factual allegations must be plausible and must be enough to raise a right to relief above the speculative level. *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007); *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

In this case, Plaintiffs have failed to adequately state a cause of action as to the counts brought against the Sheriff and therefore this *Motion to Dismiss* should be granted.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**I.     Plaintiffs'** *Complaint* **Should be Dismissed Because it is a Shotgun Pleading.**

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." In this case, Plaintiffs' *Complaint* should be dismissed because it violates FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), and it is a shotgun pleading.

There are several types of impermissible shotgun pleadings, two of which are at issue here. The first is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

In this case, Plaintiffs' *Complaint* is a shotgun pleading because each count adopts the allegations of all preceding counts where each Count contains the phrase "Plaintiff [sic] incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein." (Doc. 1, pp. 6, 7). As a result, Count Two adopts the allegations of Paragraphs One through Nineteen as well as the allegations of Count One. Moreover, Count Three adopts Paragraphs One through Nineteen in addition to the allegations of Counts One and Two.

Another type of shotgun pleading "assert[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Plaintiffs' *Complaint* is also a shotgun pleading because Counts One and Two are brought against all Defendants. Specifically, Plaintiffs allege in Counts One and Two allege that they were detained, searched, and seized in violation of their constitutional rights. (Doc. 1, ¶¶ 24, 26).

However, Plaintiffs' allegations are plainly impossible since *all Defendants* did not and could not have detained, searched, and seized Plaintiffs. Instead, Plaintiffs' have mingled claims against the Defendants without specifying which Defendant is responsible for which acts or omissions under each Count. For example, Plaintiffs make no claim that the Sheriff was even present November 4, 2019, so it is self-evident that the Sheriff did not detain, search, or seize them. Also, Plaintiffs make no claim that Defendant Antoniadis actually arrested Plaintiffs. Finally, Plaintiffs make no claim that the Tampa Port Authority detained, searched, or seized Plaintiffs.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). They "waste scarce judicial resources, inexorably broaden... the scope of discovery, wreak havoc on appellate court dockets, and undermine... the public's respect for the courts." *Vibe Micro v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). In addition, shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Accordingly, Plaintiffs' *Complaint* must be dismissed because it is an impermissible shotgun pleading.

**II.   Count One Against the Sheriff Should be Dismissed for Failing to State a Cause of Action In Violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

Plaintiffs claim in Count One that all Defendants, including the Sheriff, violated their civil rights pursuant to 42 U.S.C. § 1983, because the Plaintiffs' actions on November 4, 2019, constituted expressive conduct protected by the First Amendment. However, Plaintiffs have failed to state a claim against the Sheriff in Count One under which relief can be granted in violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

It is well-established law that civil rights claims under 42 U.S.C. § 1983, may not be brought against supervisory officials simply on the basis of vicarious liability or respondeat superior. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994) (citing *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992)).  Instead, supervisors can be liable under 42 U.S.C. § 1983, "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir.2003) (citing *Braddy v. Fla. Dep't of Labor,* 133 F.3d 797, 802 (11th Cir.1998)).

Plaintiffs do not assert in Count One that the Sheriff personally participated in any of the events of November 4, 2019 at Terminal 3.  Therefore, in order for Plaintiffs to present a facially sufficient claim against the Sheriff in Count One, they must adequately allege a causal connection between the Sheriff and the events of November 4, 2019.

A causal connection between a supervisor and a constitutional deprivation "may be established (1) 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' (2) 'when a supervisor's custom or policy results in deliberate indifference to constitutional rights,' or (3) 'when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.' *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotations and alterations omitted).

In this case, Plaintiffs have made no attempt in Count One to allege any of the methods of establishing a causal connection between the Sheriff and the alleged constitutional violation therein. Plaintiffs do not allege a history of widespread abuse that would have put the Sheriff on notice of

the need to correct the alleged deprivation, and he failed to do so. In addition, Plaintiffs do not allege in that the facts support an inference that the Sheriff directed his deputies to act unlawfully or knew that the deputies would act unlawfully and he failed to stop them from doing so. Finally, Plaintiffs do not allege in Count One that the Sheriff's custom, policy, or practice resulted in deliberate indifference by the Sheriff to Plaintiffs' constitutional rights.[5]

Accordingly, Plaintiffs have failed to state a cause of action against the Sheriff in Count One for allegedly violating their "right to be free from retaliation for expressive conduct" in violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and the claims in Count One against the Sheriff should be dismissed.

### III. Count Two Against the Sheriff Should be Dismissed for Failing to State a Cause of Action In Violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

Plaintiffs claim in Count Two that the Sheriff violated their Fourth Amendment rights pursuant to 42 U.S.C. § 1983, because "[t]he actions of the Defendants in detaining, searching, and seizing the Plaintiffs without probable cause violated the Plaintiffs' clearly established right to be free from a false arrest/seizure under the Fourth Amendment." (Doc. 1, ¶ 24). However, once again, Plaintiffs have failed to state a claim against the Sheriff under which relief can be granted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

As discussed above, civil rights claims under 42 U.S.C. § 1983, may not be brought against supervisory officials simply on the basis of vicarious liability or respondeat superior. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994); *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992). Instead, supervisors can be liable under 42 U.S.C. § 1983, "either when the supervisor personally

---

[5] Such allegations are confined to Count Three of Plaintiffs' *Complaint*.

participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir.2003) (citing *Braddy v. Fla. Dep't of Labor,* 133 F.3d 797, 802 (11th Cir.1998)).

Plaintiffs do not claim in Count Two that the Sheriff was personally involved in the events of November 4, 2019. Moreover, Plaintiffs do not claim any causal connection between the Sheriff and the alleged constitutional violation in Count Two. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Accordingly, Plaintiffs have failed to state a cause of action against the Sheriff in Count Two for "false arrest - seizure" in violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and claims against the Sheriff in Count Two should be dismissed.

**IV.    Count Three Should be Dismissed Against the Sheriff for Failing to State a Cause of Action In Violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).**

Count Three of Plaintiffs' *Complaint* consists of two paragraphs where Plaintiffs allege that the Sheriff "was deliberately indifferent when he failed to properly train or instruct Defendant Antoniadis that Plaintiffs have a First Amendment right to stand on public property and record public officials discharging their duties, and everything their eyes could see from that publicly accessible place" and "[w]ithout Chronister's deliberate indifference in failing to have a proper policy and to properly train Defendant Antoniadis, Plaintiffs would not have suffered the retaliatory detention, search and seizure by Defendant Antoniadis..." (Doc. 1, ¶¶ 25-26).

As discussed above, a civil rights claim under 42 U.S.C. § 1983, may not be brought against supervisory officials simply on the basis of vicarious liability or respondeat superior. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.1994); *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992).

Instead, supervisors can be liable under 42 U.S.C. § 1983, "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir.2003) (citing *Braddy v. Fla. Dep't of Labor,* 133 F.3d 797, 802 (11th Cir.1998)).

Plaintiffs do not claim that the Sheriff was personally involved in any of the events alleged in this lawsuit. Accordingly, Plaintiffs must adequately allege a causal connection to the Sheriff to state a cause of action against the Sheriff in Count Three.

A causal connection between a supervisor and a constitutional deprivation may be established (1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, (2) when a supervisor's custom or policy results in deliberate indifference to constitutional rights, or (3) when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiffs' *Complaint* does not allege that a history of widespread abuse put the Sheriff on notice of the need to correct the alleged constitutional deprivations and he failed to do so. Furthermore, Plaintiffs do not allege that the Sheriff directed his deputies to act unlawfully or that he knew that deputies would act unlawfully and failed to stop them from doing so. Plaintiffs fail to allege that the Sheriff was on notice of a need to train or supervise his employees through any pattern of similar constitutional violations. Plaintiffs fail to present any allegations or evidence of any prior, similar civil rights violations, let alone any allegations that such activity was so

widespread that the Sheriff was on notice of the need to correct it. To be widespread, the violations would have to be "obvious, flagrant, rampant and of continued duration." *Holloman v. Harland,* 370 F.3d 1252, 1294 (11th Cir. 2004) (quoting *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)). Moreover, there is no allegation that, once the Sheriff had notice of a prior violation, he made a deliberate choice not to train his employees.

Instead, Plaintiffs have simply tendered vague and conclusory allegations that the Sheriff's failure to "properly train" or have a "proper policy" resulted in the Sheriff's "deliberate indifference" to Plaintiffs' constitutional rights. (Doc. 1, ¶¶ 25-26).

However, a formulaic or "boilerplate" recitation of the elements of a cause of action is generally insufficient to adequately state a cause of action. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff bringing such a claim against a governmental defendant must allege that a course of action was consciously chosen, or officially sanctioned or ordered. *Riebsame v. Prince,* 267 F.Supp.2d 1225, 1233 (M.D. Fla. 2003); *Perez v. Metropolitan Dade County*, 2006 WL 4056997 (S.D. Fla. 2006); see also *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993); *Rosario v. Miami-Dade County*, 490 F.Supp.2d 1213 (S.D.Fla. 2007). The mere mention of a policy or custom is insufficient, and a plaintiff must do more than simply allege that such an official policy exists. *Perez v. Metropolitan Dade County*, 2006 WL 4056997 (S.D. Fla. 2006). Bald and conclusory allegations, as Plaintiffs have made in this case, cannot support a complaint nor give a government defendant notice as to what claims they are defending against. *Grier v. State of Florida*, 2005 WL 1073932 (M.D. Fla. 2005).

Unsupported conclusions of law or of mixed fact and law have long been recognized not to

prevent a dismissal under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). As a result, the "boilerplate" and conclusory language in Plaintiffs' *Complaint* in this case is insufficient to withstand scrutiny under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See e.g. Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

While the standard of construction with respect to reviewing a motion to dismiss is liberal, it does not impose upon the Court, the duty to rewrite the complaint for the plaintiff, or to assume facts not contained within the Complaint. *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993).

As a result, the conclusory allegations in Plaintiffs' *Complaint* do not satisfy Plaintiffs' burden of establishing a causal connection between the Sheriff's actions and the alleged deprivation of their constitutional rights. Instead, Plaintiffs have failed to meet even the minimal pleading requirements required to impose civil rights liability on the Sheriff.[6] Accordingly, the allegations in Count Three against the Sheriff should be dismissed for failing to state a cause of action in violation of FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

V.   **Any Claims Against the Sheriff in his Individual Capacity Must Be Dismissed**

Plaintiffs' *Complaint* appears to bring only official capacity claims against the Sheriff. However, to the extent that Plaintiffs seek to sue the Sheriff in his individual capacity, such claims must be dismissed.

---

[6] Furthermore, the Middle District has historically been very deliberate in evaluating custom and policy allegations against law enforcement agencies. For example, in *Brown v. Miniet, et. al.,* 8:09-cv-1653-T-30EAJ, this Court specifically warned "... Plaintiff of Rule 11, FED. R. CIV. P., especially when making allegations that the Hillsborough County Sheriff's Office maintains policies and procedures condoning the use of battery in serving warrants." (Doc. 14).

To prevail in a 42 U.S.C. § 1983 claim against a state official sued in his or her individual capacity, a plaintiff must show that the official was personally involved in acts or omissions that resulted in the deprivation of the plaintiff's constitutional rights. *Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 (11th Cir. 1995). In this case, Plaintiffs' *Complaint* is devoid of any allegations that the Sheriff was personally involved in the events on November 4, 2019. Accordingly, any and all allegations against the Sheriff in his individual capacity should be dismissed. *See e.g. Vinson v. Clark County,* 10 F. Supp 2d 1282, 1289 (S.D. Ala. 1998).

Assuming that Plaintiffs' *Complaint* contains sufficient well-pled allegations as to the allegedly unconstitutional actions of the Sheriff individually, dismissal would still be appropriate based on the Sheriff's qualified immunity. The Sheriff is entitled to dismissal of any claims brought against him in his individual capacity due to qualified immunity because the Plaintiffs have failed to establish that the Sheriff committed a constitutional violation of clearly established law, especially when evaluated through the two-step process from *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Accordingly, Plaintiffs have failed to meet the minimal pleading requirements to impose individual liability on the Sheriff. Therefore, any claims brought against the Sheriff in his individual capacity are subject to his qualified immunity and should be dismissed.

## CONCLUSION

Based on the foregoing arguments, the claims asserted by Plaintiffs against the Sheriff in their *Complaint* should be dismissed, with prejudice.

WHEREFORE, Defendant Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida, respectfully requests that this action be dismissed, with prejudice, and that all costs and fees incurred in the defense thereof be assessed against Plaintiffs, together with

such further orders as justice demands.

Respectfully Submitted this 17th day of March, 2021.

> /s/ Christopher E. Brown
> CHRISTOPHER E. BROWN, ESQ.
> Florida Bar No.: 0986010
> Trial Counsel for Defendants Sheriff Chad Chronister, in his Official Capacity as Sheriff of Hillsborough County, Florida and Deputy Demetrios Antoniadis
> 2008 E. 8th Avenue
> Post Office Box 3371
> Tampa, Florida  33601
> Phone: (813) 247-8133;  Facsimile  (813) 247-0941
> chrisbro@teamhcso.com

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel affirms that I have, in good faith, conferred with Plaintiffs' counsel via emails on March 16, 2021, and March 17, 2021, in an effort to resolve the above-referenced issue, and Plaintiffs *do object* to the relief requested herein.

> /s/ Christopher E. Brown
> CHRISTOPHER E. BROWN, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2021, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties.

> /s/ Christopher E. Brown
> CHRISTOPHER E. BROWN, ESQ.